# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS EDWARD JORDAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CV410-164 |
| | ) | |
| DOUGLAS D. FRANKS and | ) | |
| LIBERTY COUNTY JAIL, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Thomas Edward Jordan, Jr., who is currently detained in the Liberty County Jail, has filed a 42 U.S.C. § 1983 prison conditions complaint against the defendants. (Doc. 1.) The Court granted Jordan leave to proceed in forma pauperis on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form. (Doc. 3.) He has returned the two forms, so the case is ready to proceed. (Docs. 4 & 5.)

The Prison Litigation Reform Act ("PLRA") requires federal courts

to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal as frivolous, malicious, or legally insufficient. 28 U.S.C. § 1915A (courts must identify "cognizable claims" filed by prisoners or other detainees and dismiss claims which are frivolous, malicious, fail to state a claim for relief, or seek monetary relief from a defendant immune from such relief); *see also* 42 U.S.C. § 1997e(c)(2) (allowing dismissal on the same four standards provided by § 1915A as to any prisoner suit brought "with respect to prison conditions"). The Court must therefore examine the complaint to determine whether it states a colorable claim for relief.

Jordan complains that the conditions at the Liberty County Jail "are very poor," exposing him to "extreme health risk[s]." (Doc. 1 at 5.) Over his year-long detention at the jail, he has "been subject to cruel and unusual punishment due to unchecked bacteria mostly consist[ing] of mold and mildew." (*Id.*) The mold and mildew "is everywhere" and it smells. (*Id.*) Consequently, he is "concerned about future complications d[ue] to[his] stay" there, "such as respi[ra]tory and pulmonary disease."

2

(*Id.*) In fact, he states "There is no doubt that I've been infected by the bacteria." (*Id.*) He asks that he be awarded $80,000 in "reparations" and given full medical care for mold and mildew related complications. (*Id.* at 5-6.)

At the outset, the Liberty County Jail has no independent legal existence and is therefore not an entity that is subject to suit under § 1983. *Brinson v. Coastal State Prison*, 2009 WL 890574 at *2 (S.D. Ga. Apr. 1, 2009) (prison has no independent legal existence and is not suable under § 1983); *Miller v. Benton County Jail*, 2006 WL 2711482 at *1 (W.D. Ark. Sept. 11, 2006) (county jail not a legal entity subject to suit); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) (jail not a person or legal entity subject to suit); *Agnew v. St. Joseph County Jail*, 1996 WL 534928 at *1 (N.D. Ind. Aug. 14, 1996); *see Lovelace v. DeKalb Cent. Prob.*, 144 F. App'x 793, 795 (11th Cir. 2005) (county police department not a legal entity subject to suit under § 1983); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992). Consequently, it should be dismissed.

Jordan has not offered any facts directly linking jail administrator Douglas Franks to the alleged deprivation, but the Court is satisfied that

Franks has some degree of control over the situation and, assuming Jordan's facts to be true, is aware of the problem -- mold and mildew are "everywhere" and "you can see it and smell it." (Doc. 1 at 5.) That does not mean, however, that Jordan has stated a claim for relief.

Jordan hints at both present and future harm arising from the violation of his constitutional rights. *See Brown v. Smith*, 187 F. App'x 947, 949 (11th Cir. 2006) (distinguishing claim that officials exposed prisoner to unreasonable risk of damage to future health from *present*-health environmental tobacco smoke claim). His present health claim is entirely baseless. While he speculates that he has been "infected" by his exposure to mold and mildew, he has not alleged that that exposure has led to illness or injury. It is well established that the mere exposure to mold, mildew, and odors does not amount to "an excessive risk to inmate health or safety" under the Eighth Amendment,[1] so Jordan's claim on

---

[1] Jordan states that he has been subjected to "cruel and unusual" punishment, clearly invoking the Eighth Amendment. (Doc. 1 at 5.) As a pre-trial detainee, however, the action technically arises under the Fourteenth Amendment. The distinction makes no difference to the analysis, since "states may not impose on pretrial detainees conditions that would violate a convicted prisoner's eighth amendment rights." *Hamm v. DeKalb County*, 774 F.2d 1567, 1572-74 (11th Cir. 1985).

4

that score fails.² *See, e.g., Briggs v. Wall*, 2009 WL 4884529 at *2 (D.R.I. Dec. 16, 2009); *Batiste v. Madison Parish Sheriff's Office*, 2007 WL 2263077 at *2-3 (W.D. La. June 22, 2007) (no constitutional claim where plaintiff was exposed to mold and mildew for eight months absent some showing that he suffered actual physical harm from the exposure); *Shrader v. White*, 761 F.2d 975, 983-87 (4th Cir. 1985); *see also Cable v. Wa II*, 2010 WL 1486494 at *4 (D.R.I. Mar. 18, 2010) (collecting cases showing that a general lack of facility cleanliness, without more, cannot state a present harm Eighth Amendment claim). After all, the "Constitution . . . 'does not mandate comfortable prisons,' . . . and only those deprivations denying 'the minimal civilized measure of life's necessities,' . . . are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), *quoting Rhodes v. Chapman*, 452 U.S. 337, 346-49 (1981).

As for his future health claim, Jordan must show that the defendant

---

² To state an Eighth Amendment prison conditions claim, a plaintiff must show that the complained of condition is (1) "objectively, sufficiently serious" and results "in the denial of the minimal civilized measure of life's necessities," and (2) that prison official defendants were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

has been deliberately indifferent to a significant risk of harm to his *future* health. *Helling v. McKinney*, 509 U.S. 25, 36 (1993) (environmental tobacco smoke ("ETS") future harm claim); *Kelly v. Hicks*, 400 F.3d 1282, 1284 (11th Cir. 2005) (to state a future harm claim, plaintiff must allege that prison officials have, with deliberate indifference, exposed him to unreasonably high levels of ETS that pose an unreasonable risk of serious damage to his future health; as for the objective "unreasonably risk" factor, courts should consider both the potential harm and likelihood that a serious injury will be cause by exposure and whether society considers the risk so grave that it violates contemporary standards of decency to expose someone unwillingly to such a risk); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (applying same ETS test in a heatwave case). Here, Jordan has not met the objective component. While he may be exposed to mold and mildew, that alone is not enough. Unlike ETS, not all strains of mold or mildew are toxic. Absent some showing that this mold is indeed toxic and that he is exposed to sufficient quantities such that continued exposure may lead to serious future harm, his future health claim fails. *See Brown-Mingo v. Fresno County Jail*, 2010 WL 2838627 at

*3 (E.D. Cal. July 20, 2010) (complaints "about black worms, spiders, rats, mildew, mold, and water build-up . . . are not serious enough to warrant protection under the Eighth Amendment"); *Morales v. White*, 2008 WL 4585340 at *14-15 (W.D. Tenn. Oct. 10, 2008) (summary judgment granted against plaintiff where he failed to show that he was exposed to toxic mold). Jordan's "concern" that he may one day develop "respi[ra]tory and pulmonary disease" is insufficient to state a claim for relief.

Because Jordan has failed to state a claim for relief, this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this __30th__ day of August, 2010.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT of GEORGIA